**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 22-6467**

---

ANTONIO MARCO HERRERA,

        Petitioner - Appellant,

    v.

HAROLD W. CLARKE,

        Respondent - Appellee.

---

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria.  Liam O'Grady, Senior District Judge.  (1:19-cv-01301-LO-JFA)

---

Submitted:  September 8, 2022                    Decided:  September 13, 2022

---

Before HARRIS and RICHARDSON, Circuit Judges, and TRAXLER, Senior Circuit Judge.

---

Dismissed by unpublished per curiam opinion.

---

Antonio Marco Herrera, Appellant Pro Se.

---

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Antonio Marco Herrera seeks to appeal the district court's order denying relief on his 28 U.S.C. § 2254 petition.  We dismiss the appeal for lack of jurisdiction because the notice of appeal was not timely filed.

In civil cases, parties have 30 days after the entry of the district court's final judgment or order to note an appeal, Fed. R. App. P. 4(a)(1)(A), unless the district court extends the appeal period under Fed. R. App. P. 4(a)(5) or reopens the appeal period under Fed. R. App. P. 4(a)(6).  "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement." *Bowles v. Russell*, 551 U.S. 205, 214 (2007).

The district court entered its order on April 26, 2021.  Herrera filed the notice of appeal on April 14, 2022.[1]  Because Herrera failed to file a timely notice of appeal or to obtain an extension or reopening of the appeal period, we dismiss the appeal.[2]

---

[1] For the purpose of this appeal, we assume that the date appearing on the notice of appeal is the earliest date Herrera could have delivered the notice to prison officials for mailing to the district court.  *See* Fed. R. App. P. 4(c)(1); *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[2] About one week before filing his notice of appeal, Herrera sent a letter to the district court that could be construed as a motion to reopen the appeal period.  But the time for seeking reopening had already expired, *see* 28 U.S.C. § 2107(c); Fed. R. App. P. 4(a)(6)(B), and the district court could not enlarge the reopening period, *see Bowles*, 551 U.S. at 213-14.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*DISMISSED*